FILED

2018 MAY 23  PM 4: 39

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **S U P E R S E D I N G** |
| | ) | **I N D I C T M E N T** |
| Plaintiff, | ) | |
| | ) | CHIEF JUDGE PATRICIA A. GAUGHAN |
| v. | ) | |
| | ) | CASE NO: __5:18CR94__ |
| | ) | Title 21, Sections 841(a)(1), |
| DONTE L. GIBSON, | ) | (b)(1)(A), (b)(1)(B), (b)(1)(C), |
| AUDREY J. GIBSON, aka | ) | 846 and 802(32), United States |
| AUDREY J. MARTIN, | ) | Code, |
| DONTAYSHA S. GIBSON, | ) | Title 18, Sections 1956(h), 1957, |
| DERRICK A. ADAMS, II, | ) | 922(g)(1), 924(a)(2), 924(c), 931, |
| LORI E. MARTIN, | ) | 924(a)(7) and 2, United States Code |
| LISA A. RICHARDSON, | ) | |
| AJARAE C. HISLE, | ) | |
| JAMAR JACKSON, and, | ) | |
| GARRET R. FRANTZ, | ) | |
| | ) | |
| Defendants. | ) | |

The Grand Jury charges:

GENERAL ALLEGATIONS

At all times material to this Indictment, unless otherwise indicated:

1.     Defendant DONTE L. GIBSON ("GIBSON") resided on Popham Street in Akron,

Ohio, and was married to defendant AUDREY J. GIBSON, aka AUDREY J. MARTIN, (hereinafter

collectively the "GIBSONS" where appropriate).  GIBSON and GIBSON-MARTIN operated a drug

trafficking organization ("DTO") importing large amounts of Fentanyl and Carfentanil from an individual in China over the internet through the dark web, and then distributed these drugs throughout the Akron and Lorain areas with the assistance of the individuals listed below.

2.     Defendant AUDREY J. GIBSON, aka AUDREY J. MARTIN ("GIBSON-MARTIN") resided on Popham Street in Akron, Ohio, with GIBSON, and was married to GIBSON. GIBSON-MARTIN operated the DTO with GIBSON and the individuals listed below.

3.     Defendant DONTAYSHA S. GIBSON ("D.GIBSON") resided in an apartment on Shadybrook Drive in Akron, Ohio, with defendant DERRICK A. ADAMS, II, her boyfriend, and was the daughter of GIBSON and step-daughter of GIBSON-MARTIN.  D.GIBSON and ADAMS sold and distributed Fentanyl obtained from GIBSON and GIBSON-MARTIN.

4.     Defendant DERRICK A. ADAMS, II ("ADAMS") resided in an apartment on Shadybrook Drive in Akron, Ohio, with his girlfriend, D.GIBSON.  ADAMS sold and distributed Fentanyl obtained from GIBSON and GIBSON-MARTIN.

5.     Defendant LORI E. MARTIN ("MARTIN") resided on Greenbay Drive in Barberton, Ohio, and was the mother of GIBSON-MARTIN.  MARTIN assisted the DTO by holding large amounts of drug proceeds and then gave the drug proceeds back to GIBSON and GIBSON-MARTIN at later dates for their personal use.

6.     Defendant LISA A. RICHARDSON ("RICHARDSON") resided in an apartment on Hobart Avenue in Akron, Ohio.  RICHARDSON assisted the GIBSONS's DTO by opening P.O. boxes to receive the Fentanyl and Carfentanil shipments from China, and pick up and deliver the drug shipments, as well as recruited others to do the same.

7.     Defendant AJARAE C. HISLE ("HISLE") resided on Iowa Avenue in Lorain, Ohio, and received shipments of Carfentanil from the GIBSONS for JAMAR JACKSON.

8.     Defendant JAMAR JACKSON ("JACKSON") resided on Marshall Avenue in Lorain, Ohio, and received shipments of Carfentanil from HISLE sent from the GIBSONS.

9.     Defendant GARRET R. FRANTZ ("FRANTZ") resided on Smith Avenue in North Canton, Ohio, and was a relative of GIBSON-MARTIN.  FRANTZ opened a P.O. box in his name at the direction of GIBSON-MARTIN.

## COUNT 1
(Conspiracy to Possess and Distribute Fentanyl and Carfentanil, 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 802(32), in violation of 21 U.S.C. § 846)

The Grand Jury further charges:

10.     The General Allegations in paragraphs 1 - 9 are incorporated by reference as if fully set forth herein.

11.     Beginning in or about May, 2016, and continuing to on or about February 10, 2018, the exact dates unknown to the Grand Jury, in the Northern District of Ohio, Eastern Division, and elsewhere, DONTE L. GIBSON, AUDREY J. GIBSON, aka AUDREY J. MARTIN, DONTAYSHA S. GIBSON, DERRICK A. ADAMS, II, LISA A. RICHARDSON, AJARAE C. HISLE, JAMAR JACKSON, GARRET R. FRANTZ, and others known and unknown to the Grand Jury, did knowingly, and intentionally combine, conspire, confederate, and agree together and with each other, and with diverse others known and unknown to the Grand Jury, to possess with the intent to distribute and to distribute a mixture and substance containing Fentanyl, a Schedule II controlled substance, and a mixture and substance containing more than 100 grams of Carfentanil, a Schedule II controlled substance, that is an analogue, as defined in 21 U.S.C. § 802(32), of N-phenyl-N-[1-(2-

3

phenylethyl)-4-piperidinyl] propanamide ("Fentanyl"), knowing that the substance was intended for human consumption, as provided in 21 U.S.C. § 813, all in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A), and 802(32).

## MANNER AND MEANS OF THE CONSPIRACY

It was part of the conspiracy that:

12.     GIBSON-MARTIN directed RICHARDSON, and others, to open P.O. boxes at several Post Offices throughout the Akron-Canton area.  Defendant RICHARDSON recruited others to do the same.  GIBSON-MARTIN retained the P.O. box keys so she could control access to the various P.O. boxes.

13.     GIBSON and GIBSON-MARTIN purchased Fentanyl and Carfentanil from China over the internet through the dark web, and had the drugs shipped to the Akron-Canton, Ohio, area through the United States Postal Service ("USPS").

14.     GIBSON and GIBSON-MARTIN used the various P.O. boxes as the delivery addresses for the Fentanyl and Carfentanil from China.  GIBSON-MARTIN tracked the packages on USPS's website using her Verizon cellular phone, which was associated to Martin's address on Greenbay Drive in Barberton, Ohio.

15.     GIBSON and GIBSON-MARTIN used RICHARDSON, FRANTZ and others to pick up the packages containing Fentanyl and Carfentanil from China and bring the packages to them at the Popham address, and elsewhere.

16.     GIBSON cut, or mixed the Fentanyl and/or Carfentanil with a cutting agent such as a health supplement white power, and turned approximately 70 grams to 80 grams of pure Fentanyl and/or Carfentanil into approximately 7 kilograms of saleable product.

4

17.     GIBSON and GIBSON-MARTIN distributed the mixed Fentanyl and Carfentanil to others such as DONTAYSHA GIBSON, ADAMS, and JACKSON to sell in the Akron and Lorain areas.

18.     GIBSON and GIBSON-MARTIN mailed, and used RICHARDSON and others, to mail Fentanyl and Carfentanil to JACKSON and HISLE at the Iowa Avenue residence in Lorain.  The packages were addressed to "Danielle Ferguson," a fictitious female name who did not live at the residence.

19.     JACKSON tracked the shipments from GIBSON and GIBSON-MARTIN on USPS's website using an IP address associated with his residence on Marshall Avenue in Lorain.

20.     GIBSON and GIBSON-MARTIN used various residences and rented storage units to stash the cash and Fentanyl/Carfentanil.  GIBSON and GIBSON-MARTIN stored Fentanyl and Carfentanil at the Popham residence until their young daughter overdosed on Fentanyl she found in the residence.

## ACTS IN FURTHERANCE OF THE CONSPIRACY

In furtherance thereof, in order to effect the goals and conceal the existence of the conspiracy, the defendants, and others, performed acts in the Northern District of Ohio and elsewhere, including but not limited to, the following:

21.     From in or around May 2016, continuing to on or about February 8, 2018, the exact dates unknown, GIBSON and GIBSON-MARTIN purchased Fentanyl and Carfentanil over the internet on the dark web from an individual in China, and had it shipped via the USPS to various P.O. boxes in the Akron-Canton, Ohio, areas.

22.     On or about August 7, 2017, FRANTZ completed a USPS P.O. Box application at the Green, Ohio, Post Office, and provided his Ohio Driver's License number ending in 9878 for identification.  FRANTZ rented P.O. Box 586 and was issued two keys for the box.

23.     On or about August 19, 2017, RICHARDSON completed a USPS P.O. Box application at the Fairlawn, Ohio, Post Office, and provided her Ohio Driver's License number ending in 9944 for identification.  RICHARDSON rented P.O. Box13837 and was issued two keys for the box.

24.     From on or about September 9, 2017, through on or about October 16, 2017, GIBSON and GIBSON-MARTIN had at least four packages shipped from China, addressed to multiple individuals at P.O. boxes throughout the Akron-Canton areas.

25.     On or about September 9, 2017, the GIBSONs caused a package to be mailed from China addressed to RICHARDSON at P.O. Box 13837, Fairlawn, Ohio, bearing international tracking number EA293550445CN.  This package contained approximately 100 grams of an off-white crystalline substance in a clear bag within a silver mylar bag in among several packages of bagged food items.

26.     On or about September 22, 2017, GIBSON-MARTIN completed a lease agreement in the name of A.D., an individual known to the Grand Jury but not charged herein, at Frank's Self Storage, 5529 Manchester Road, Akron, Ohio, for Unit No. 10 in Building A. GIBSON-MARTIN initially wrote her own name down on the lease agreement, but then scribbled it out and wrote A.D.'s name above hers.

27.     On or about October 10, 2017, RICHARDSON directed H.V., an individual known to the Grand Jury but not charged herein, to complete a USPS P.O. Box application in H.V.'s name for P.O. Box number 9387, Canton, Ohio.  RICHARDSON also directed T.W., an individual known to the Grand Jury but not charged herein, to complete a USPS P.O. Box application in T.W.'s name for P.O. Box 36600, Canton, Ohio.

28.     On or about October 16, 2017, the GIBSONs caused a package to be mailed from China addressed to "Garret Francis" at P.O. Box 586 at the Green Post Office bearing international tracking number EA301636984CN.  This package contained approximately 100 grams of an off-white crystalline substance in a clear bag within a silver mylar bag in among several packages of bagged food items.

29.     On or about October 23, 2017, GIBSON mailed USPS Priority Mail package bearing tracking no. 9505 5159 1922 7296 1409 94 from the Barberton Post Office to "Danielle Ferguson" at the Iowa Avenue residence Lorain, Ohio.

30.     On or about October 26, 2017, at approximately 2:33 p.m., FRANTZ went to the Green Post Office and picked up the parcel bearing international tracking number EA301636984CN.

31.     On or about November 13, 2017, GIBSON mailed a package of Carfentanil bearing tracking no. 9505 5158 6251 7317 0720 49 to "Danielle Ferguson" at the Iowa Avenue residence in Lorain, Ohio.

32.     On or about November 28, 2017, RICHARDSON mailed a package of Carfentanil bearing tracking no. 9500 1265 2386 7332 0712 04 from a Contract Postal Unit inside the Acme

7

Fresh Market located at 3235 Manchester Road, Akron, Ohio, to "Danielle Ferguson" at the Iowa Avenue residence in Lorain, Ohio.

33.     On or about December 6, 2017, the USPS Priority Mail package bearing tracking no. 9500 1265 2386 7332 0712 04 was delivered to the Iowa Avenue residence in Lorain, Ohio. After the package was delivered, HISLE took the package from the mailbox and brought it inside.

34.     On or about December 7, 2017, the GIBSONs caused international mail package bearing tracking no. EA304740898CN to be mailed from China containing 51 grams of Fentanyl to T.W. at P.O. Box 9387, Canton, Ohio.

35.     GIBSON-MARTIN used her Verizon cellular phone to track package no. EA304740898CN on the USPS' website sixteen times from December 14, 2017 to December 15, 2017.

36.     On or about December 7, 2017, the GIBSONs also caused international mail package bearing tracking no. EA304740907CN to be mailed from China containing 48 grams of Fentanyl to D.V. at P.O. Box 2378, North Canton, Ohio.

37.     GIBSON-MARTIN also used her Verizon cellular phone to track package no. EA304740907CN on the USPS' website thirteen times from December 14, 2017 to December 15, 2017.

38.     On or about February 8, 2018, GIBSON and GIBSON-MARTIN possessed a 29-round 40 caliber handgun magazine clip, twenty-nine 40 caliber bullets, a 22-round 40 caliber handgun magazine clip loaded with twelve rounds of 40 caliber ammunition at the Popham residence.

39. On or about February 8, 2018, GIBSON and GIBSON-MARTIN possessed a bullet proof-vest in the basement of the Popham residence.

40. On or about February 8, 2018, GIBSON and GIBSON-MARTIN possessed seven sets of P.O. box keys in a dresser drawer in the Popham residence and a handwritten note detailing the location of the boxes and name the boxes were in.

41. On or about February 8, 2018, D.GIBSON possessed approximately 28.8 grams of Carfentanil in her dresser in the master bedroom in the Shadybrook residence.

42. On or about February 8, 2018, ADAMS possessed approximately 173 grams of Carfentanil and $82,390 in cash.

43. On or about February 8, 2018, ADAMS possessed a loaded Smith & Wesson, 9mm pistol, model number M&P 9c, serial number MRH7889, with twelve rounds of 9mm ammunition.

44. On or about February 8, 2018, ADAMS possessed a loaded Rossi .38 caliber revolver, serial number D918537, with five rounds of .38 caliber ammunition.

45. On or about February 8, 2018 through on or about February 10, 2018, GIBSON and GIBSON-MARTIN possessed approximately 694 grams of "sham" in Storage Unit No. 10, Building A, at Frank's Self Storage, 5529 Manchester Road, Akron, Ohio, which the GIBSONs purchased from China over the internet on the dark web believe it to be controlled substances.

All in violation of Title 21, United States Code, Section 846.

<u>COUNT 2</u><br>
(Possession with Intent to Distribute Carfentanil, in violation of 21 U.S.C. §§ 841(a)(1)<br>
and (b)(1)(C) and 18 U.S.C. § 2)

The Grand Jury further charges:

On or about November 13, 2017, in the Northern District of Ohio, Eastern Division, defendants DONTE L. GIBSON, and AUDREY J. GIBSON, aka AUDREY J. MARTIN, did knowingly and intentionally possess with the intent to distribute approximately 4.61 grams of a mixture and substance containing a detectable amount of Carfentanil, a Schedule II controlled substance that is an analogue, as defined in 21 U.S.C. § 802(32), of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("Fentanyl"), knowing that the substance was intended for human consumption, as provided in 21 U.S.C. § 813, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C) and Title 18, United States Code, Section 2.

<u>COUNT 3</u><br>
(Possession with Intent to Distribute Carfentanil,  in violation of 21 U.S.C. §§ 841(a)(1)<br>
and (b)(1)(C) and 18 U.S.C. § 2)

The Grand Jury further charges:

On or about November 28, 2017, in the Northern District of Ohio, Eastern Division, defendants DONTE L. GIBSON, AUDREY J. GIBSON, aka AUDREY J. MARTIN, and LISA A. RICHARDSON, did knowingly and intentionally possess with the intent to distribute approximately 5.05 grams of a mixture and substance containing a detectable amount of Carfentanil, a Schedule II controlled substance that is an analogue, as defined in 21 U.S.C. § 802(32), of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("Fentanyl"), knowing that the substance was intended for human consumption, as provided in 21 U.S.C. § 813, in violation of

Title 21, United States Code, Sections 841(a)(1), (b)(1)(C) and Title 18, United States Code, Section 2.

COUNT 4
(Attempt to Possess with Intent to Distribute Carfentanil, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2)

The Grand Jury further charges:

On or about December 6, 2017, in the Northern District of Ohio, Eastern Division, defendants AJARAE C. HISLE and JAMAR JACKSON, did knowingly and intentionally attempt to possess with the intent to distribute approximately 5.05 grams of a mixture and substance containing a detectable amount of Carfentanil, a Schedule II controlled substance that is an analogue, as defined in 21 U.S.C. § 802(32), of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("Fentanyl"), knowing that the substance was intended for human consumption, as provided in 21 U.S.C. § 813, in violation of Title 21, United States Code, Sections 846, 841(a)(1), (b)(1)(C) and Title 18, United States Code, Section 2.

COUNT 5
(Attempt to Possess with Intent to Distribute Fentanyl, in violation of 21 U.S.C. §§§ 846, 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2)

The Grand Jury further charges:

On or about December 13, 2017, in the Northern District of Ohio, Eastern Division, defendants DONTE L. GIBSON, and AUDREY J. GIBSON, aka AUDREY J. MARTIN, did knowingly and intentionally attempt to possess with the intent to distribute approximately 51 grams of a mixture and substance containing a detectable amount of Fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and (b)(1)(B) and Title 18, United States Code, Section 2.

## COUNT 6
(Attempt to Possess with Intent to Distribute Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2)

The Grand Jury further charges:

On or about December 1, 2017 through on or about March 30, 2018, in the Northern District of Ohio, Eastern Division, defendants DONTE L. GIBSON, and AUDREY J. GIBSON, aka AUDREY J. MARTIN, did knowingly and intentionally attempt to possess with the intent to distribute approximately 48 grams of a mixture and substance containing a detectable amount of Fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT 7
(Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 2)

The Grand Jury further charges:

On or about February 8, 2018, in the Northern District of Ohio, Eastern Division, defendant DONTE L. GIBSON, having been previously convicted of crimes punishable by imprisonment for a term exceeding one year, those are, Aggravated Assault with firearm specifications, in case number CR-2002-12-3674, in the Summit County Court of Commons Pleas, on or about February 25, 2003; and, Trafficking in Heroin, in case number CR 2009-09-2827, in the Summit County Court of Common Pleas, on or about July 7, 2010, did knowingly possess in and affecting interstate and foreign commerce 41 rounds of ammunition, said ammunition have been previously shipped and transported in interstate and foreign commerce, in violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 2.

## COUNT 8
### (Possession of Body Armor, in violation of 18 U.S.C. §§ 931, 924(a)(7) and 2)

The Grand Jury further charges:

On or about February 8, 2018, in the Northern District of Ohio, Eastern Division, defendant DONTE L. GIBSON, having been previously convicted of a crime of violence, as defined in Title 18, U.S.C. Section 16, that is Aggravated Assault with firearm specifications, in case number CR-2002-12-3674, in the Summit County Court of Commons Pleas, on or about February 25, 2003, did knowingly possess in and affecting interstate and foreign commerce, body armor, said body armor having been previously shipped and transported in interstate and foreign commerce, in violation of Title 18, United States Code, Sections 931, 924(a)(7) and 2.

## COUNT 9
### (Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 2)

The Grand Jury charges:

On or about February 8, 2018, in the Northern District of Ohio, Eastern Division, defendant AUDREY J. GIBSON, aka AUDREY J. MARTIN, having been previously convicted of crimes punishable by imprisonment for a term exceeding one year, those are, Aggravated Robbery, in case number CR-2005-11-3989, in the Summit County Court of Common Pleas, on or about November 1, 2006; and, Trafficking in Heroin, in case number CR 2009-09-2827, in the Summit County Court of Common Pleas, on or about July 9, 2010, did knowingly possess in and affecting interstate and foreign commerce, 41 rounds of ammunition, said ammunition have been previously shipped and transported in interstate and foreign commerce, in violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 2.

<u>COUNT 10</u>
(Possession of Body Armor, in violation of 18 U.S.C. §§ 931, 924(a)(7) and 2)

The Grand Jury further charges:

On or about February 8, 2018, in the Northern District of Ohio, Eastern Division, defendant AUDREY J. GIBSON, aka AUDREY J. MARTIN, having been previously convicted of a violent crime, as defined in Title 18, U.S.C. Section 16, that is, Aggravated Robbery, in case number CR-2005-11-3989, in the Summit County Court of Common Pleas, on or about November 1, 2006, did knowingly possess in and affecting interstate and foreign commerce, body armor, said body armor having been previously shipped and transported in interstate and foreign commerce, in violation of Title 18, United States Code, Sections 931, 924(a)(7) and 2.

<u>COUNT 11</u>
(Possession with intent to Distribute Carfentanil, 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2)

The Grand Jury further charges:

On or about February 8, 2018, in the Northern District of Ohio, Eastern Division, defendants DONTAYSHA S. GIBSON and DERRICK A. ADAMS, II, did knowingly and intentionally possess with the intent to distribute approximately 201.8 grams of a mixture and substance containing a detectable amount of Carfentanil, a Schedule II controlled substance, that is an analogue, as defined in 21 U.S.C. § 802(32), of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("Fentanyl"), knowing that the substance was intended for human consumption, as provided in 21 U.S.C. § 813, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A), and Title 18, United States Code, Section 2.

COUNT 12
(Possession of a Firearm in Furtherance of a Drug Trafficking crime, in violation of 18 U.S.C.
§§ 924(c)(1)(A))

The Grand Jury further charges:

On or about February 8, 2018, in the Northern District of Ohio, Eastern Division, defendant DERRICK A. ADAMS, II did knowingly possess two firearms, specifically a loaded Smith & Wesson, 9mm pistol, model number M&P 9c, serial number MRH7889, and a loaded Rossi .38 caliber revolver, serial number D918537, in furtherance of a drug trafficking crime, for which said defendant may be prosecuted in a court of the United States, that is, Possession with Intent to Distribute Carfentanil, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B), as charged in Count11 of the Superseind Indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A), and punishable under Title 18, Sections 924(c)(1)(A)(i).

COUNT 13
(Money Laundering Conspiracy, in violation of 18 U.S.C. §§ 1956(h))

The Grand Jury further charges:

Beginning in or around November, 2015, continuing to on or about February 10, 2018, the exact dates unknown to the Grand Jury, in the Northern District of Ohio, Eastern Division, and elsewhere, DONTE L. GIBSON ("GIBSON"), AUDREY J. GIBSON, aka AUDREY J. MARTIN ("GIBSON-MARTIN"), DONTAYSHA S. GIBSON (D.GIBSON"), LISA A. RICHARDSON ("RICHARDSON"), LORI E. MARTIN ("MARTIN"), and others, known and unknown to the Grand Jury, did knowingly and intentionally combine, conspire, confederate, and agree together and with diverse others, known and unknown, to commit offenses against the United States in violation of Title 18, United States Code, Section 1956(h), to wit: to knowingly and intentionally conduct and attempt to conduct a series of financial transactions affecting interstate commerce,

15

which transactions in fact involved the proceeds from a specified unlawful activity, knowing that the transactions involved the proceeds of some form of specified unlawful activity and knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership or control of the proceeds of said unlawful activity, and to avoid currency transaction reports required by State and Federal law in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and (ii).

### ACTS IN FURTHERANCE OF THE CONSPIRACY

In furtherance thereof, and to effect the goals and conceal the existence of the conspiracy, the defendants, and others, performed acts in the Northern District of Ohio and elsewhere, including but not limited to, the following:

USE OF MONEY ORDERS TO LAUNDER PROCEEDS OF UNLAWFUL ACTIVITY

46.     On or about September 13, 2017, GIBSON-MARTIN purchased or caused to be purchased three USPS money orders totaling $2,900 at the U.S. Post Office, in Akron, Ohio, 44319. The money orders all listed Audrey Martin as the remitter and were made payable to American Express.

47.     On or about September 22, 2017, GIBSON-MARTIN purchased or caused to be purchased five USPS money orders totaling $5,000 at the U.S. Post Office, in Fairlawn, Ohio, 44313. The money orders all listed Audrey Martin as the remitter and were made payable to American Express.

48.     On or about September 28, 2017, GIBSON-MARTIN purchased or caused to be purchased a total of six USPS money orders. Three USPS money orders were purchased at the U.S. Post Office, in Akron, Ohio, 44314 and totaled $2,360. The other three USPS money orders

were purchased at the U.S. Post Office, in Barberton, Ohio, 44203 and totaled $2,900. The money orders all listed Audrey Martin as the remitter and were made payable to American Express.

49.    On or about October 7, 2017, GIBSON-MARTIN purchased or caused to be purchased a total of two USPS money orders totaling $1,500 at the U.S. Post Office, Fairlawn, Ohio, 44313. The money orders all listed Audrey Martin as the remitter and were made payable to American Express.

50.    On or about October 23, 2017, GIBSON purchased three USPS money orders at the Barberton Post Office totaling $2,700 that were all made payable to American Express with "Audrey Martin" listed as the remitter.

51.    On or about October 23, 2017, minutes after GIBSON left the Barberton Post Office, GIBSON-MARTIN entered the Barberton Post Office and asked the window clerk what the maximum amount of money orders she could purchase without having to provide identification. The clerk advised her that any amount $3,000 or more required identification. GIBSON-MARTIN then purchased three USPS money orders totaling $2,800 that were all made payable to American Express with "Audrey Martin" listed as the remitter.

52.    On or about October 30, 2017, GIBSON and GIBSON-MARTIN purchased or caused to be purchased eight USPS money orders totaling $7,600 at three different U.S. Post Offices. Three USPS money orders were purchased at the U.S. Post Office in Akron, Ohio, 44314. The money orders listed Audrey Martin as the remitter and were payable to American Express. Three USPS money orders were purchased by GIBSON at the Barberton Post Office totaling $2,800 that were all payable to American Express listed Audrey Martin as the remitter. Two USPS money orders totaling $2,000 were purchased at the U.S. Post Office in

Akron, Ohio, 44319. The money orders listed Audrey Martin as the remitter and one of the money orders was payable to American Express and the other was payable to Neiman Marcus.

53.     On or about November 6, 2017, GIBSON-MARTIN purchased or caused to be purchased four USPS money orders at two U.S. Post Offices. Two USPS money orders totaling $1,250 were purchased at the U.S. Post Office in Akron, Ohio, 44312. Two USPS money orders totaling $1,300 were purchased at the U.S. Post Office in Akron, Ohio, 44314. All four money orders listed "Audrey Martin" as the remitter and were made payable to American Express.

54.     On or about November 7, 2017, GIBSON-MARTIN purchased or caused to be purchased one USPS money order for $738.40 at the U.S. Post Office, in Akron, Ohio, 44306. The money order listed Audrey Martin as the remitter and was made payable to American Express.

55.     On or about November 13, 2017, GIBSON-MARTIN purchased or caused to be purchased five USPS money orders at two U.S. Post Offices. Three USPS money orders totaling $2,640 were purchased at the U.S. Post Office in Barberton, Ohio, 44203. These money orders listed Audrey Martin as the remitter and were payable to American Express. Two USPS money orders totaling $1,100 were purchased at the U.S. Post Office in Akron, Ohio, 44319. These money orders listed Audrey Martin as the remitter and were payable to Neiman Marcus.

56.     On or about November 16, 2017, GIBSON-MARTIN purchased or caused to be purchased four USPS money orders from the U.S. Post Office in Akron, Ohio, 44312. Two USPS money orders totaling $1,470 were purchased at 11:52am, and two USPS money orders totaling $2,000 were purchased at 1:32pm. All four money orders listed Audrey Martin as the remitter and were payable to Neiman Marcus.

57.     On or about November 20, 2017, GIBSON-MARTIN purchased or caused to be purchased six USPS money orders from two U.S. Post Offices. Three USPS money orders totaling $2,800 were purchased from the U.S. Post Office in Fairlawn, Ohio, 44313. These money orders listed no remitter, but were payable to Audrey Martin, Pound Cake. Three USPS money orders totaling $2,800 were purchased from the U.S. Post Office in Akron, Ohio, 44314. These money orders listed Audrey Martin or A. Martin as the remitter and were payable to Audrey Martin.

58.     On or about November 24, 2017, GIBSON-MARTIN purchased or caused to be purchased six USPS money orders at the U.S. Post Office in Fairlawn, Ohio, 44313. Three USPS money orders totaling $2,500 were purchased at 2:00pm. Three additional USPS money orders totaling $2,500 were purchased at 2:05pm. All money orders listed Audrey Martin as the remitter and were made payable to Saks Fifth Avenue.

59.     On or about December 4, 2017, GIBSON-MARTIN purchased or caused to be purchased three USPS money orders at two U.S. Post Offices. Two USPS money orders totaling $2,000 were purchased at the U.S. Post Office in Akron, Ohio, 44306. One USPS money order for $1,000 was purchased at the U.S. Post Office in Akron, Ohio, 44319. All money orders listed Audrey Martin as the remitter and were made payable to American Express.

60.     On or about December 9, 2017, RICHARDSON purchased three USPS money orders totaling $2,800 at the U.S. Post Office in Barberton, Ohio, 44203. The money orders all listed Audrey Martin as the remitter and were made payable to Neiman Marcus.

<u>LUXURY ITEMS PURCHASED TO LAUNDER PROCEEDS OF UNLAWFUL ACTIVITY</u>

61.     In or around March 2017, GIBSON-MARTIN applied for and opened a Saks Fifth Avenue Store Card, account number xxx7412 (formerly account number xxx6415).  From on or about April 6, 2017, to on or about December 30, 2017, GIBSON-MARTIN made payments on her card totaling approximately $208,504, using cash in-store at the Beachwood, Ohio, Saks Fifth Avenue location.

62.     From on or about July 30, 2016, through on or about February 12, 2018, GIBSON-MARTIN made purchases of $686,850.71 from Saks Fifth Avenue and used a combination of cash, her Saks Fifth Avenue Store Card, her American Express card account number xxx1001, a debit card account number xxx5411, and her VISA card account number xxx6807 to pay for them.

63.     From on or about July 27, 2017, through on or about January 8, 2018, DONTE GIBSON made purchases of $7,653.90 from Saks Fifth Avenue.

64.     From on or about October 19, 2017, through on or about February 4, 2018, DONTAYSHA GIBSON made purchases of $26,943.25 from Saks Fifth Avenue.

65.     On March 17, 2017, GIBSON-MARTIN made purchases of $10,082 at Saks Fifth Avenue in Beachwood, Ohio and paid for it using currency.  The items purchased included gift certificates, Burberry Handbags, and Chanel Handbags.

66.     On August 3, 2017, GIBSON-MARTIN made the following transactions at Saks Fifth Avenue:  $1,066.22 purchase of Louis Vuitton items using her Saks Credit Card; $12,792.60 purchase of Gucci handbags and accessories paid in cash; and, $2,500.00 in-store Saks credit card payment made in cash.

67.     On October 19, 2017, GIBSON-MARTIN and DONTAYSHA GIBSON made the following transactions at Saks Fifth Avenue: $3,126.60 purchase Saint Laurent shoes by GIBSON-MARTIN using her Saks Credit Card; $7,527.60 purchase of Chanel handbags and Louis Vuitton items by GIBSON-MARTIN paid in cash; and, $9,072.00 purchase of Louis Vuitton items by DONTAYSHA GIBSON paid in cash.

68.     On November 17, 2017, GIBSON-MARTIN and DONTAYSHA GIBSON made the following transactions at Saks Fifth Avenue: $448.20 purchase of shoes by GIBSON-MARTIN using her VISA card; $5,616.00 purchase of Chanel handbags by GIBSON-MARTIN using her Saks Credit Card; $5,389.20 purchase of Louis Vuitton items by GIBSON-MARTIN paid in cash; $2,500 in-store Saks credit card payment made by GIBSON-MARTIN in cash; $2,500 in-store Saks credit card payment made by GIBSON-MARTIN in cash; $176.04 purchase of MAC cosmetics by DONTAYSHA GIBSON paid in cash; $712.80 purchase of fragrances by DONTAYSHA GIBSON paid in cash; and, $432.00 purchase of Gucci sunglasses by DONTAYSHA GIBSON paid in cash.

69.     On November 25, 2017, GIBSON-MARTIN, GIBSON, and DONTAYSHA GIBSON made the following transactions at Saks Fifth Avenue: $3,186.00 purchase of fur, Gucci men's accessories, and other items by GIBSON-MARTIN paid in cash; $3,564.00 purchase of Louis Vuitton items by GIBSON-MARTIN paid using her American Express card; $5,000.00 in-store Saks credit card payment made by GIBSON-MARTIN in cash; $3,594.89 purchase of clothing and accessories by DONTAYSHA GIBSON paid in cash; and, $3,881.18 purchase of clothing and accessories by DONTE GIBSON paid in cash.

<u>USE OF STRAW BUSINESSES TO LAUNDER PROCEEDS OF UNLAWFUL ACTIVITY</u>

70.     On or about November 7, 2015, GIBSON-MARTIN formed JayT All Services, LLC with the Ohio Secretary of State using LegalZoom.com.  Per the Operating Agreement for JayT All Services, LLC, Audrey Jean Martin is the sole member of the company.

71.     On or about August 23, 2017, GIBSON-MARTIN gave a sworn statement under oath in which she stated that JayT All Services was in the business of remodeling, cleaning out homes, painting homes, and anything else to do with homes.  Also on or about August 23, 2017, DONTE GIBSON gave a sworn statement under oath in which he stated that JayT All Services was his wife's company in that he helps doing home improvement work.

72.     On or about May 24, 2016, GIBSON-MARTIN formed Pound Cake Entertainment, LLC with the Ohio Secretary of State using LegalZoom.com, Inc.  Per the Operating Agreement for Pound Cake Entertainment, LLC, GIBSON-MARTIN and GIBSON are both equal members of the company.

73.     Pound Cake Entertainment, LLC uses the website IAmPoundCake.com.  On or about February 2, 2018, the website described Pound Cake as an alter ego.  The website showed various photographs of GIBSON-MARTIN.  The website offered, for a fee of $15 per month, access to "The Darkside" which is a member's only Snapchat account where you can view GIBSON-MARTIN "being flirty or nasty depending on the day."  The website purports to sell branded clothing items such as t-shirts.  The website also has a link to "One of a Kind Items" which lists custom made items for sale.  The website lists credit cards accepted via Square, a credit card processor.

74. On or about August 23, 2017, GIBSON-MARTIN gave a sworn statement under oath in which she stated that Pound Cake Entertainment is her company.

75. On or about April 20, 2017, DONTAYSHA GIBSON formed G's Car Care and Detail LLC with the Ohio Secretary of State. On the articles of organization, the company's purpose was listed as "Car Care Sales & Detailing." The statutory agent for the company was listed as Fred L. Tolbert of F. Lees Tax Accounting Services Inc. G's Car Care and Detail, LLC was formed by F. Lees Tax & Accounting Services Inc. at the request of DONTE GIBSON.

76. On or about August 23, 2017, DONTE GIBSON gave a sworn statement under oath in which he initially stated that G's Car Care and Detail LLC was his business. GIBSON later clarified that it is actually his daughter's business and that he manages the company for her.

77. On or about December 8, 2015, GIBSON-MARTIN opened PNC Bank account number xxx8236, in the name of JayT All Services LLC. On the account signature cards, GIBSON-MARTIN was the only signer and was listed as Member. From on or about March 18, 2016, through on or about April 24, 2017, approximately $82,084 was deposited into this account of which GIBSON-MARTIN deposited or caused to be deposited $68,862 in cash.

78. On or about April 19, 2017, GIBSON-MARTIN opened Huntington National Bank account number xxx4272, in the name of JayT All Services, LLC. On the account signature card, GIBSON-MARTIN listed herself as the company President, Owner, and CEO. From on or about April 19, 2017, through in or about August 2017, approximately $27,428 was deposited into this account of which of which GIBSON-MARTIN deposited or caused to be deposited $24,078 in cash.

79.     On or about August 2016, DONTE GIBSON set-up a payroll for JayT All Services, LLC managed by F. Lee's Tax and Accounting Services LLC using Intuit QuickBooks. GIBSON told the accountant that JayT All Services LLC provided janitorial services. From the bank accounts of JayT All Services LLC, including PNC Bank account xxx8236 and Huntington National Bank account xxx4272, payroll was paid to GIBSON and GIBSON-MARTIN, as the only employees of JayT All Services LLC. Funds from the JayT All Services bank accounts were direct deposited into the accounts of GIBSON and GIBSON-MARTIN for purported payroll purposes.

80.     On or about September 2, 2016, GIBSON-MARTIN and DONTE GIBSON opened PNC Bank account number xxx4666, in the name of Pound Cake Entertainment LLC. On the account signature card, GIBSON-MARTIN and GIBSON were both signers and listed as Members. From on or about September 2, 2016, through on or about April 24, 2017, approximately $24,763 was deposited into the account, of which of which the GIBSONS deposited or caused to be deposited $22,111 in cash.

81.     On or about April 19, 2017, GIBSON-MARTIN opened Huntington National Bank account number xxx4285, in the name of Pound Cake Entertainment, LLC. On the account signature card, she listed herself as the company President, Owner, and CEO. From on or about April 19, 2017, through in or about August 2017, approximately $29,605 was deposited into this account of which GIBSON-MARTIN deposited or caused to be deposited $27,339 in cash.

82.     On or about June 28, 2017, DONTAYSHA GIBSON opened PNC Bank account number xxx2171, in the name of G's Car Care & Detail LLC. On the account signature card, she was listed as the only signer and was listed as a Member. From on or about June 28, 2017, through on or about August 7, 2017, approximately $3,900 was deposited into this account of which DONTAYSHA GIBSON deposited or caused to be deposited $3,750 in cash.

HOME/VEHICLE PURCHASES TO LAUNDER PROCEEDS OF UNLAWFUL ACTIVITY

83.     LORI MARTIN knew that GIBSON-MARTIN and GIBSON earned cash via illegal activities. MARTIN held money for them. The GIBSONS gave MARTIN and her husband cash for expenses, including the installation of an in-ground pool at MARTIN's Greenbay residence in Barberton, Ohio, at the cost of $31,178.00.

84.     On or about August 11, 2016, LORI MARTIN purchased a cashier's check from US Bank for $42,609.50 payable to First American Title Insurance Company. MARTIN purchased the cashier's check using cash. The purchase of the cashier's check was not recorded on MARTIN's bank statements. MARTIN told bank associates the cash was from a friend.

85.     On or about August 12, 2016, LORI MARTIN provided the cashier's check to First American Title Insurance Company for the purchase of the GIBSON's residence on Popham Street in Akron, Ohio. Thereafter, the GIBSONS resided at Popham Street.

86.     The GIBSONS hired an individual known as A.A., an individual known to the Grand Jury but not charged herein, to provide home remodeling services at the Popham residence, including the construction of a garage.

87. The GIBSONS gave A.A. $39,880 in cash. The same day, the GIBSONS asked for a refund of the money in the form of a check written to LORI MARTIN. A.A. did no work for MARTIN and never met MARTIN.

88. On or about December 22, 2016, A.A. deposited $39,880 of cash into his business bank account at Huntington National Bank. On the same day, A.A. purchased a cashier's check, No. 2011240567, from Huntington National Bank payable to LORI MARTIN for $36,380, at the request of the GIBSONS. The check listed the remitter as New Ara Home Improvements. A.A. gave the check to GIBSON-MARTIN.

89. On or about December 22, 2016, GIBSON-MARTIN deposited or caused to be deposited Huntington National Bank cashier's check No. 2011240567 for $36,380.00 into LORI MARTIN's US Bank checking account number xxx4811.

90. On or about January 9, 2017, LORI MARTIN transferred $35,850.00 from her US Bank checking account number xxx4811, to her US Bank savings account number xxx7907.

91. On or about January 19, 2017, LORI MARTIN transferred $17,200.00 from her US Bank savings account xxx7907, to her US Bank checking account number xxx4811.

92. On or about January 19, 2017, LORI MARTIN wrote check number 4031 from her US Bank checking account number xxx4811, payable to Chrysler Capital for $17,137.80. The memo on the check stated "2016 Jeep xxx6798, Lease PAID in Full" for the lease GIBSON-MARTIN had on a 2016 Jeep Grand Cherokee that GIBSON-MARTIN possessed.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT 14
(Money Laundering, in violation of 18 U.S.C. § 1957)

The Grand Jury further charges:

On or about January 29, 2017, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant AUDREY J. GIBSON, aka AUDREY J. MARTIN ("GIBSON-MARTIN") did knowingly engage in and attempt to engage in a monetary transaction affecting interstate commerce in criminally derived property of a value greater than $10,000, such property having been derived from specified unlawful activity, that is: conspiracy to distribute and to possess with intent to distribute a mixture or substance containing a detectable amount of Fentanyl and Carfentanil, Schedule II controlled substances, in violation of Title 21, United States Code, Section 846, to wit:  GIBSON-MARTIN purchased 14 karat gold solitaire earrings and a preowned Rolex watch from Jared, The Galleria of Jewelry.  The purchase totaled approximately $16,612.96. GIBSON-MARTIN paid for the purchase with $12,000.00 in cash and placed $4,612.96 on her Jared credit account number xxx4434.

All in violation of Title 18, United States Code, Section 1957.

## COUNT 15
(Money Laundering, in violation of 18 U.S.C. § 1957)

The Grand Jury further charges:

On or about October 20, 2016, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant DONTAYSHA S. GIBSON did knowingly engage in and attempt to engage in a monetary transaction affecting interstate commerce in criminally derived property of a value greater than $10,000, such property having been derived from specified unlawful activity, that is: conspiracy to distribute and to possess with intent to distribute a mixture or substance containing a

detectable amount of Fentanyl and Carfentanil, Schedule II controlled substances, in violation of Title 21, United States Code, Section 846, to wit: D.GIBSON deposited $15,310 in cash into Chase bank accounts, by depositing $200 into her checking account ending in xxx7796 and $15,110 into a Chase bank account ending in xxx1906.

All in violation of Title 18, United States Code, Section 1957.

COUNT 16
(Money Laundering, in violation of 18 U.S.C. § 1957)

The Grand Jury further charges:

On or about June 15, 2017, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant DONTAYSHA S. GIBSON did knowingly engage in and attempt to engage in a monetary transaction affecting interstate commerce in criminally derived property of a value greater than $10,000, such property having been derived from specified unlawful activity, that is: conspiracy to distribute and to possess with intent to distribute a mixture or substance containing a detectable amount of Fentanyl and Carfentanil, Schedule II controlled substances, in violation of Title 21, United States Code, Section 846, to wit: DONTAYSHA GIBSON deposited $20,110 in cash into her Chase bank checking account ending in xxx7796.

All in violation of Title 18, United States Code, Section 1957.

COUNT 17
(Money Laundering, in violation of 18 U.S.C. § 1957)

The Grand Jury further charges:

On or about October 25, 2017, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant DONTAYSHA S. GIBSON did knowingly engage in and attempt to engage in a monetary transaction affecting interstate commerce in criminally derived property of a value

greater than $10,000, such property having been derived from specified unlawful activity, that is: conspiracy to distribute and to possess with intent to distribute a mixture or substance containing a detectable amount of Fentanyl and Carfentanil, Schedule II controlled substances, in violation of Title 21, United States Code, Section 846, to wit: DONTAYSHA GIBSON deposited $15,260 in cash into Chase bank savings account ending in xxx1755.

In violation of Title 18, United States Code, Section 1957.

## FORFEITURE: 21 U.S.C. § 853

The Grand Jury further charges:

The allegations contained in Counts 1-6 and 11 are hereby re-alleged and incorporated by reference as if fully set forth herein for the purpose of alleging forfeiture pursuant to the provisions of 21 U.S.C. § 853. As a result of these offenses, DONTE L. GIBSON, AUDREY J. GIBSON, aka AUDREY J. MARTIN, DONTAYSHA S. GIBSON, DERRICK A. ADAMS, II, LISA A. RICHARDSON, AJARAE C. HISLE, JAMAR JACKSON, and GARRET R. FRANTZ, defendants herein, shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as the result of such violations; and, any and all of the defendant's property used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations; including, but not limited to, the following:

a.) $148,400.00 in U.S. Currency seized on February 8, 2018, at 80 West Waterloo Road, Akron, Ohio (storage unit: M42A) [DONTE GIBSON / AUDREY GIBSON].

b.) A total of $12,461.00 in U.S. Currency seized on February 8, 2018, at 2946 Popham Street, Akron, Ohio [DONTE GIBSON / AUDREY GIBSON].

c.) 29 round empty magazine and (29) .40 caliber rounds in box, seized on February 8, 2018, at 2946 Popham Street, Akron, Ohio [DONTE GIBSON / AUDREY GIBSON].

d.) 22 round magazine with (12) rounds of .40 caliber ammunition, seized on February 8, 2018, at 2946 Popham Street, Akron, Ohio [DONTE GIBSON / AUDREY GIBSON].

e.) $19,960.00 in U.S. Currency seized on February 8, 2018, at a residence located on Greenbay Drive, Barberton, Ohio [DONTE GIBSON / AUDREY GIBSON].

f.) 2946 Popham Street, Akron, Ohio, Permanent Parcel Number: 6800487 [DONTE GIBSON / AUDREY GIBSON]. The legal description of the property is as follows: Situated in the City of Akron, County of Summit, and State of Ohio: And known as being the Easterly 60 feet between parallel lines of Lot Number Eight Hundred Eighty-three (883), plus the Easterly 60 feet between parallel lines of Lot Number Eight Hundred Eighty-four (884), plus the Easterly 60 feet between parallel lines of Lot Number Eight Hundred Eighty-five (885), except the Northerly 33 feet front and rear of Lot Number Eight Hundred Eighty-five (885), in the William A. Johnston's Coventry Allotment No. 2, as recorded in Plat Book 26, Pages 65-75 inclusive, Summit County Records.

g.) $82,390.00 in U.S. Currency seized on February 8, 2018, at DONTAYSHA GIBSON / DERRICK ADAMS' residence (apartment) located on Shadybrook Drive, Akron, Ohio. Particularly, the currency was located in a car in the garage.

h.) $17,708.00 in U.S. Currency seized on February 8, 2018, at DONTAYSHA GIBSON / DERRICK ADAMS' residence (apartment) located on Shadybrook Drive, Akron, Ohio.

i.) Rossi Revolver .38 Special, serial number: D918537, with any magazine and ammunition, seized on February 8, 2018, at DONTAYSHA GIBSON / DERRICK ADAMS' residence (apartment) located on Shadybrook Drive, Akron, Ohio.

j.) Smith & Wesson 9mm pistol, serial number: MRH7889, with any magazine and ammunition, seized on February 8, 2018, at DONTAYSHA GIBSON / DERRICK ADAMS' residence (apartment) located on Shadybrook Drive, Akron, Ohio.

k.) $6,890.00 in U.S. Currency seized on February 8, 2018, at LISA A. RICHARDSON'S residence (apartment) located on Hobart Avenue, Akron, Ohio.

l.) $42,230.79 seized on or about April 18, 2018, pursuant to the execution of a federal seizure warrant. The seizure warrant was executed against The RealReal User Account Identification Number xxx2598 in the name of AUDREY GIBSON.

m.) Proceeds in the amount of $34,479.96 held by Community Hall Foundation (dba The Civic) payable to Poundcake Entertainment [DONTE GIBSON / AUDREY GIBSON].

## FORFEITURE: 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)

The Grand Jury further charges:

The allegations contained in Counts 7, 9, and 12 are hereby re-alleged and incorporated by reference as if fully set forth herein for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c). As a result of these offenses, DONTE GIBSON, AUDREY GIBSON, and DERRICK ADAMS, II, defendants herein, shall forfeit to the United States any and all firearms and ammunition involved in or used in the commission of the offenses; including, but not limited to, the following:

a.)       29 round empty magazine and (29) .40 caliber rounds in box, seized on February 8, 2018, at 2946 Popham Street, Akron, Ohio [DONTE GIBSON / AUDREY GIBSON].

b.)       22 round magazine with (12) rounds of .40 caliber ammunition, seized on February 8, 2018, at 2946 Popham Street, Akron, Ohio [DONTE GIBSON / AUDREY GIBSON].

c.)       Rossi Revolver .38 Special, serial number: D918537, with any magazine and ammunition, seized on February 8, 2018, at DERRICK ADAMS' residence (apartment) located on Shadybrook Drive, Akron, Ohio.

d.)       Smith & Wesson 9mm pistol, serial number: MRH7889, with any magazine and ammunition, seized on February 8, 2018, at DERRICK ADAMS' residence (apartment) located on Shadybrook Drive, Akron, Ohio.

## FORFEITURE: 18 U.S.C. § 982(a)(1)

The Grand Jury further charges:

The allegations contained in Counts 13-17 are hereby re-alleged and incorporated by reference as if fully set forth herein for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 982(a)(1). As a result of these offenses, DONTE GIBSON, AUDREY GIBSON, LORI MARTIN, DONTAYSHA GIBSON, and LISA RICHARDSON, defendants herein, shall forfeit to the United States all property, real and personal, involved in such offenses, and all property traceable to such property; including, but not limited to, the following:

a.)       2946 Popham Street, Akron, Ohio, Permanent Parcel Number: 6800487 [LORI MARTIN, DONTE GIBSON, AUDREY GIBSON]. The legal description of the property is as follows: Situated in the City of Akron, County of Summit, and State of Ohio: And known as being the Easterly 60 feet between parallel lines of Lot Number Eight Hundred Eighty-three (883), plus

the Easterly 60 feet between parallel lines of Lot Number Eight Hundred Eighty-four (884), plus the Easterly 60 feet between parallel lines of Lot Number Eight Hundred Eighty-five (885), except the Northerly 33 feet front and rear of Lot Number Eight Hundred Eighty-five (885), in the William A. Johnston's Coventry Allotment No. 2, as recorded in Plat Book 26, Pages 65-75 inclusive, Summit County Records.

b.) $42,230.79 seized on or about April 18, 2018, pursuant to the execution of a federal seizure warrant. The seizure warrant was executed against The RealReal User Account Identification Number xxx2598 in the name of AUDREY GIBSON.

A TRUE BILL.

Original document -- Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.