IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:18CR94 |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | |
| DONTE GIBSON, | ) | GOVERNMENT'S RESPONSE IN |
| | ) | OPPOSITION TO DEFENDANT'S |
| Defendant. | ) | MOTION FOR INDEPENDENT TESTING |
| | ) | OF CONTROLLED SUBSTANCES |

Now comes the United States of America, by and through counsel, Justin E. Herdman, United States Attorney, and Danielle K. Angeli and Mark S. Bennett, Assistant United States Attorneys, and hereby responds in opposition to Defendant Donte Gibson's ("Defendant") Motion for Independent Testing of Controlled Substances.  (R. 215: Motion, PageID 1835-36).

**I.  Factual and Procedural Background**

From 2016 through 2018, Defendant ran a drug trafficking organization ("DTO") and money laundering organization ("MLO").  Defendant's DTO imported large amounts of Fentanyl and Carfentanil from a Chinese supplier over the internet through the dark web, and then distributed these drugs throughout the Akron and Lorain areas.  Defendant and others involved in the conspiracy used various P.O. boxes as the delivery addresses for the Fentanyl and Carfentanil from China, and arranged for other individuals to pick up the packages from China, and bring them to Defendant's home and elsewhere.

Defendant cut or mixed Fentanyl and/or Carfentanil with a cutting agent, which turned approximately 70 to 80 grams of pure Fentanyl and/or Carfentanil into approximately 7 kilograms of saleable product.  Defendant and others distributed the mixed Fentanyl and Carfentanil to others to sell in the Akron area.  Defendant and others also mailed, and used others

to mail, Fentanyl and Carfentanil to co-defendants Ajarae Hisle and Jamar Jackson in Lorain, Ohio.  On November 13, 2017, Defendant and co-defendant Audrey Gibson knowingly possessed with the intent to distribute approximately 4.61 grams of Carfentanil.  On November 28, 2017, Defendant and co-defendants Audrey Gibson and Lisa Richardson knowingly possessed with the intent to distribute approximately 5.05 grams of Carfentanil.  Further, in December 2017, Defendant's DTO caused international packages containing 51 grams of Fentanyl and 48 grams of Fentanyl to be mailed from China to the Canton, Ohio, area.

Additionally, while executing a search warrant on February 8, 2018, law enforcement seized approximately 200 grams of what appeared to be a controlled substance from a home shared by co-defendants Dontaysha Gibson, Defendant's daughter, and Derrick Adams, her boyfriend.  Approximately 28 grams of this controlled substance was seized from Dontaysha's dresser drawer, and the other approximate 170 grams of this controlled substance was found in a duffel bag in Derrick Adams' vehicle, which was separated into three separate plastic bags.  The investigation determined that Defendant provided this controlled substance to his daughter and her boyfriend.

On February 26, 2018, FBI Special Agent Timothy Edquist submitted the controlled substance seized from co-conspirators' homes during the search warrant execution for testing at the Bureau of Criminal Investigation ("BCI").  BCI Forensic Scientist Keith Taggart tested all of the substances submitted by SA Edquist.  Taggart found that the first bag (the substance seized from Defendant's daughter's dresser) weighing 27.50 grams +/- .04 grams, contained Carfentanil. (*See* BCI Laboratory Report, Dated March 12, 2018, attached hereto as Exhibit 1 and incorporated herein).  Taggart also found that the second bag, comprised of three separately bagged substances (the substances seized from Derrick Adams' vehicle), weighing 5.99 grams

+/- .04 grams, 97.42 grams +/- .04 grams, and 65.16 grams +/- .04 grams, respectively, all contained Carfentanil. (*Id*.) Taggart also found that the third bag submitted, weighing 110.62 grams +/- .04 grams, contained no controlled substances. (*Id*.) Thus, the same BCI Forensic Scientist found that approximately 200 grams[1] of the submitted substances contained detectable amounts of Carfentanil, and that the submitted substance of approximately 110.62 grams did not.

On May 23, 2018, the Grand Jury returned a 17-count Superseding Indictment, charging Defendant with, *inter alia*, conspiracy to possess and distribute Fentanyl, and more than 100 grams of Carfentanil, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 802(32); two counts of possession with intent to distribute Carfentanil, totaling approximately 10 grams, in violation of §§ 21 U.S.C. 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2; and, two counts of attempt to possess with intent to distribute Fentanyl, totaling approximately 100 grams, in violation of 21 U.S.C. § 846, 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2. (R. 61: Superseding Indictment, PageID 332-43).

Defendant previously entered a guilty plea pursuant to a Rule 11(c)(1)(C) written plea agreement with an agreed upon sentence of 240 months. However, the Court recently granted Defendant's motion to withdraw his guilty plea given statutory penalty changes in the First Step Act. Now, Defendant requests that the Court order independent testing of the Carfentanil submitted to BCI by SA Edquist on February 26, 2018.[2] The Court should deny Defendant's motion because there is no reasonable dispute over the weight of the substances containing Carfentanil.

---

[1] The difference in reported weight between the approximate 201.5 grams charged in the Superseding Indictment and the approximate 196 grams recorded by BCI does not affect the statutory section charged, or the Sentencing Guideline calculation.

[2] Given Defendant's motion, it appears that he only seeks to retest the substances submitted by SA Edquist on February 26, 2018, which are reflected in the March 12, 2018 lab report. *See* (R. 215: Motion, PageID 1835-36). This report is attached as Government's Exhibit 1.

**II.     Law and Argument**

"When nothing is offered to raise such a 'reasonable dispute' over the weight of the drugs, a district court does not abuse its discretion by refusing to order a reweighing." *Kinnard v. United States*, 313 F.3d 933, 935 (6th Cir. 2002) (citing *United States v. Garcia*, 900 F.2d 571, 574 (2d Cir. 1990)).

Here, Defendant offers nothing to raise a "reasonable dispute" over the weight of drugs charged in the Superseding Indictment, or that a trace of Carfentanil was detected in the drugs in question. In his motion, Defendant notes that more than one lab tested the controlled substances in this case,[3] but in reality the specific controlled substances he challenges in his motion were all tested at BCI by the same forensic scientist. Defendant's motion also notes that BCI confirmed that the third bag submitted by SA Edquist, weighing 110.62 grams +/- .04 grams, contained no controlled substances. (R. 215: Motion, PageID 1835). But the same analyst, working for the same lab, tested the two other bags submitted at the same time by SA Edquist, and confirmed that those substances, weighing approximately 196 grams, contained Carfentanil. Defendant offers nothing in support of his claim that the other bags submitted for testing should contain no controlled substances. *See* (*id.*).

---

[3] Defendant's motion properly cites to the fact that "Some of the substances were sent to BCI for testing while others were sent to Cuyahoga County Lab for testing." (R. 215: Motion, PageID 1835). However, this fact is a red herring to the extent it suggests that one lab tested one substance that Defendant is referencing and another lab tested another, therefore creating a potential inconsistency. *All* the controlled substances referenced in Defendant's motion were not only all tested by BCI, but the *same* forensic scientist. Because of the large amount of Fentanyl and Carfentanil being distributed by Defendant's DTO, several law enforcement entities were involved in the investigation: FBI Akron, IRS, Postal Inspection Service, and Akron PD. When Akron PD seized controlled substances, they sent it to the City of Akron Police Division's Forensic Laboratory. When the Postal Inspection Service seized controlled substances, the Inspector sent it to Cuyahoga County Regional Forensic Science Laboratory, and the FBI sent its controlled substances to BCI.

Indeed, during Defendant's change of plea hearing, Defendant admitted that the substances contained Carfentanil:

> THE COURT: There was [C]arfentanil but you are contesting it was not that full amount because it was cut with something else. You don't dispute the fact that when you put the [C]arfentanil with the cutting agent, it was over 100 grams. Am I right?
>
> DEFENDANT: I am not disputing that, your Honor, I am not disputing that.

(R. 84: Plea Hearing Trans., PageID 649-50). Defendant agrees that the Carfentanil that he mixed with a cutting agent is more than 100 grams. Accordingly, the Court should deny Defendant's motion.

Further, defense counsel provided the government with the curriculum vitae for Defendant's proposed drug analyst, Christopher Bommarito, and his lab, Forensic Science Consultants, based in Williamston, Michigan, and the lab's DEA certificate, which expired on September 30, 2017.[4] Similarly, Defendant's motion indicates that the lab has a DEA license, which counsel can provide at the Court's request. (R. 215: Motion, PageID 1836). As of the time of filing, the government has not received a current DEA certificate for Mr. Bommarito's lab. Thus, the United States objects to Defendant's proposed lab, Forensic Science Consultants.

Additionally, because the analyst and lab are located in Michigan, it will be difficult for the lab to receive the controlled substances. Given the highly dangerous nature of Carfentanil, the government is extremely hesitant to ship the substances to the lab in Michigan. If the Court orders independent testing, an agent must personally transport the substances to Williamston,

---

[4] Defense counsel has represented that the proposed lab has a valid DEA certificate, and that she will obtain and forward it accordingly. However, as of the drafting of this response, the government has not seen the current DEA certificate. The undersigned has no reason to dispute counsel's representation, but has not seen it as of yet.

Michigan, which is nearly four hours from Akron, Ohio, wait for the testing to be completed, and then drive them back to Akron. As such, retesting not only poses logistical concerns, but the government will also incur significant expense in both time and resources to transport the substances to and from Defendant's proposed lab in Michigan without Defendant having provided any facts in support of establishing "reasonable dispute" over the weight of drugs charged in the Superseding Indictment, or that a trace of Carfentanil was detected in those drugs.

### III. Conclusion

For the foregoing reasons, the United States respectfully requests that the Court deny Defendant's motion for independent testing of the controlled substances.

    Respectfully submitted,

    JUSTIN E. HERDMAN,
    United States Attorney

By:  /s/ Danielle K. Angeli
    Danielle K. Angeli (MI: P81362)
    Mark S. Bennett (OH: 0069823)
    Assistant United States Attorneys
    801 W. Superior Ave Suite 400
    Cleveland, OH 44113
    (216) 622-3875 (ph)/(216) 622-3878
    (216) 522-8354 (fx)
    Danielle.Angeli@usadoj.gov
    Mark.Bennett2@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of April, 2019, a copy of the foregoing Response in Opposition was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Danielle K. Angeli
Danielle K. Angeli
Assistant U.S. Attorney