**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **United States of America,** | ) | **CASE NO. 5:18 CR 94** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **Donte L. Gibson,** | ) | **Order** |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court upon Defendant's Motion for Independent Testing of Alleged Controlled Substances (Doc. 215). The motion is GRANTED as set forth herein.

Although the Court acknowledges the government's position that the evidence in this matter (including defendant's statements during the change of plea hearing) overwhelmingly demonstrates that some of the substances at issue contain carfentanil, the Court finds that Fed.R.Crim.Pro. 16(a)(1)(C) nonetheless permits the defendant to access and test the substances. *See, e.g.*, *United States v. Butler*, 988 F.2d 537, 543 (5th Cir. 1993) (district court committed error in denying defendant access to substance for testing purposes). *See also, United States v. McClure*, 2009 WL 1256895 (E.D. Tenn. April 30, 2009). The Court,

1

however, agrees with the government that any testing performed by the defendant must be in compliance with DEA procedures. *United States v. Dukes*, 139 F.3d 469, 477 (5th Cir. 1998). This is especially so in this matter due to the extremely dangerous nature of carfentanil. For this reason, absent a showing that a closer testing facility does not exist or is otherwise impractical, defendant is not entitled to examine the substance in Michigan.

       IT IS SO ORDERED.

       /s/ Patricia A. Gaughan
       PATRICIA A. GAUGHAN
       United States District Judge
       Chief Judge

Dated: 4/12/19