IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:18-CR-094 |
| | ) | |
| Plaintiff, | ) | |
| | ) | CHIEF JUDGE PATRICIA A. GAUGHAN |
| v. | ) | |
| | ) | |
| DONTE L. GIBSON, | ) | |
| | ) | |
| AUDREY J. GIBSON, aka AUDREY J. MARTIN, and | ) | |
| | ) | |
| LORI E. MARTIN, | ) | |
| | ) | |
| Defendants. | ) | |

**AMENDED FINAL ORDER OF FORFEITURE**

It appears to the Court that proper proceedings for the issuance of this Amended Final Order of Forfeiture have been had in this case as follows:

1.  On May 23, 2018, a 17-count Superseding Indictment (R. 61) was returned in the above-referenced case. In pertinent part, defendants Donte L. Gibson, Audrey J. Gibson (aka Audrey J. Martin), and Lori E. Martin were charged as follows:

Count 1: Defendants Donte Gibson and Audrey Gibson were charged with Conspiracy to Distribute Fentanyl and Carfentanil [21 U.S.C. Sections 841(a)(1), 841(b)(1)(A) and 802(32)], in violation of 21 U.S.C. § 846.

Count 13: Defendants Donte Gibson, Audrey Gibson, and Lori Martin were charged with Conspiracy to Commit Money Laundering [18 U.S.C. Sections 1956(a)(1)(B)(i) and 1956(a)(1)(B)(ii)], in violation of 18 U.S.C. Section 1956(h).

2. With respect to Count 1, the forfeiture provision set forth in the Superseding Indictment (R. 61) specified, in part, as follows:

> The allegations contained in [Count] 1 . . . are hereby re-alleged and incorporated by reference as if fully set forth herein for the purpose of alleging forfeiture pursuant to the provisions of 21 U.S.C. § 853. As a result of [this offense], DONTE L. GIBSON [and] AUDREY J. GIBSON, aka AUDREY J. MARTIN, . . . defendants herein, shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as the result of such [violation]; and, any and all of the defendant's property used or intended to be used, in any manner or part, to commit or to facilitate the commission of such [violation] ... .

3. With respect to Count 13, the forfeiture provision set forth in the Superseding Indictment specified, in part, as follows:

> The allegations contained in [Count] 13 . . . are hereby re-alleged and incorporated by reference as if fully set forth herein for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 982(a)(1). As a result of [this offense], DONTE GIBSON, AUDREY GIBSON, [and] LORI MARTIN, . . . defendants herein, shall forfeit to the United States all property, real and personal, involved in such [offense], and all property traceable to such property ... .

4. Change of plea hearings as to defendants Audrey Gibson and Lori Martin were held on September 25, 2018 and October 4, 2018, respectively. Plea agreements were executed between the parties, and defendant Audrey Gibson entered a guilty plea to Counts 1 and 13 of the Superseding Indictment. (Minutes of proceedings [non-document], filed on September 25, 2018.) Defendant Lori Martin entered a guilty plea to Count 13 of the Superseding Indictment. (Minutes of proceedings [non-document], filed on October 4, 2018.) [1]

---

[1] A change of plea hearing also was held as to defendant Donte Gibson. A plea agreement (R. 80) was executed, and defendant Donte Gibson entered a guilty plea to Counts 1 and 13 of the Superseding Indictment. (Minutes of proceedings [non-document], filed on September 24, 2018.) Further, defendant Donte Gibson agreed to the forfeiture of each of the below-described properties to the United States. (*See*, R. 80: Plea Agreement of Donte Gibson, at pp. 3-4, ¶ 7.) By an Order [non-document] entered on February 26, 2019, the Court granted defendant Donte Gibson's motion to withdraw this guilty plea.

5. With respect to forfeiture, the written plea agreements of defendants Audrey Gibson (R. 81) and Lori Martin (R. 87) provided as follows:

a.) Defendant Audrey Gibson agreed to the forfeiture of the following properties to the United States:

- $148,400.00 U.S. Currency seized on February 8, 2018, at 80 West Waterloo Road, Akron, Ohio (storage unit: M42A).

- A total of $12,461.00 U.S. Currency seized on February 8, 2018, at 2946 Popham Street, Akron, Ohio.

- 29 round empty magazine and (29) .40 caliber rounds in box seized on February 8, 2018, at 2946 Popham Street, Akron, Ohio.

- 22 round magazine with (12) rounds of .40 caliber ammunition seized on February 8, 2018, at 2946 Popham Street, Akron, Ohio.

- $19,960.00 U.S. Currency seized on February 8, 2018, at a residence located on Greenbay Drive, Barberton, Ohio. [2]

- $42,230.79 seized on or about April 18, 2018, pursuant to the execution of a federal seizure warrant. The seizure warrant was executed against The RealReal User Account Identification Number xxx2598 in the name of AUDREY GIBSON.

- Proceeds in the amount of $34,479.96 recovered from Community Hall Foundation (dba The Civic) on or about June 8, 2018.

- 0.422851 bitcoin (valued at approximately $2,600.11 on August 14, 2018) stored in an application on an i-Phone recovered on February 8, 2018, at 2946 Popham Street, Akron, Ohio. The bitcoin was found in a bitcoin.com cell phone application under the wallet name "Personal Wallet" with a Wallet ID ending xxxxx35bead1.

b.) Defendants Audrey Gibson and Lori Martin agreed to the forfeiture of the following property to the United States:

---

[2] As part of her plea agreement [R. 87, at ¶ 4(b)], defendant Lori Martin disclaimed any interest in this $19,960.00 U.S. Currency, consented to its forfeiture and, further, agreed that she will not contest the forfeiture action instituted by the United States against it.

- 2946 Popham Street, Akron, Ohio, Permanent Parcel Number: 6800487.  The legal description of the property is as follows: Situated in the City of Akron, County of Summit, and State of Ohio: And known as being the Easterly 60 feet between parallel lines of Lot Number Eight Hundred Eighty-three (883), plus the Easterly 60 feet between parallel lines of Lot Number Eight Hundred Eighty-four (884), plus the Easterly 60 feet between parallel lines of Lot Number Eight Hundred Eighty-five (885), except the Northerly 33 feet front and rear of Lot Number Eight Hundred Eighty-five (885), in the William A. Johnston's Coventry Allotment No. 2, as recorded in Plat Book 26, Pages 65-75 inclusive, Summit County Records. [3]

6. With respect to forfeiture, the plea agreements of defendants Audrey Gibson (R. 81) and Lori Martin (R. 87) further provided as follows:

a.) Defendant Audrey Gibson agreed that the $148,400.00 U.S. Currency, the $12,461.00 U.S. Currency, the $19,960.00 U.S. Currency, the proceeds of $34,479.96, and the 0.422851 bitcoin are subject to forfeiture under 21 U.S.C. § 853(a)(1) as they constitute, or were derived from, proceeds she obtained, directly or indirectly, as the result of the commission of the violation (drug conspiracy) charged in Count 1 of the Superseding Indictment.

b.) Defendant Audrey Gibson agreed that the 29 round empty magazine, the (29) .40 caliber rounds in box, and the 22 round magazine with (12) rounds of .40 caliber ammunition are subject to forfeiture under 21 U.S.C. § 853(a)(2) as they were used – or were intended to be used - in any manner or part, to commit or to facilitate the commission of the violation (drug conspiracy) charged in Count 1 of the Superseding Indictment.

c.) Defendant Audrey Gibson agreed that the $42,230.79 seized on or about April 18, 2018, and the real property located at 2946 Popham Street, Akron, Ohio, are subject to forfeiture: (i) under 21 U.S.C. § 853(a)(1) as they constitute, or were derived from, proceeds she obtained, directly or indirectly, as the result of the commission of the violation (drug conspiracy) charged

---

[3] Defendant Lori E. Martin is the record owner of this real property.

in Count 1 of the Superseding Indictment; and, (ii) under 18 U.S.C. § 982(a)(1) as they were involved in the offense (money laundering conspiracy) charged in Count 13 of the Superseding Indictment, or are traceable to such property.

        d.)        Defendant Lori Martin agreed that the real property located at 2946 Popham Street, Akron, Ohio, is subject to forfeiture under 18 U.S.C. § 982(a)(1) as it was involved in the offense (money laundering conspiracy) charged in Count 13 of the Superseding Indictment, or is traceable to such property.

        7.        Finally, with respect to forfeiture, the plea agreements of defendants Audrey Gibson (R. 81) and Lori Martin (R. 87) provided that they will take whatever steps are necessary to effectuate the forfeiture of the subject properties to the United States; including, but not limited to, the execution of whatever agreements, stipulations, and/or other documents that are necessary to effectuate the forfeiture. [4] Also, pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure, the defendants consented that the forfeiture would become final as to them upon the Court's entry of the Preliminary Order of Forfeiture. [5]

        8.        Frank Martin, the husband of defendant Lori Martin, was a potential third party claimant to the following properties: (i) 2946 Popham Street, Akron, Ohio, Permanent Parcel Number: 6800487; and, (ii) $19,960.00 U.S. Currency seized on February 8, 2018, at a residence located on Greenbay Drive, Barberton, Ohio. By an Agreement (R. 95-2, PageID # 798) filed

---

[4] Particularly, in this regard, defendant Audrey Gibson authorized the IRS to transfer the 0.422851 bitcoin from Wallet ID ending xxxxx35bead1 to a wallet controlled by the United States. *See*, R. 81: Plea Agreement of Audrey Gibson, at ¶ 6(B).

[5] In his plea agreement entered on September 24, 2018, defendant Donte Gibson also consented - pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure - that the forfeiture of the subject properties would become final as to him upon the Court's entry of the Preliminary Order of Forfeiture. (R. 80: Plea Agreement of Donte Gibson, at p. 6, ¶ 7(C).)

with the Court on October 9, 2018, Frank Martin disclaimed any interest in the properties, consented to their forfeiture and, further, agreed that he will not contest the forfeiture action instituted by the United States against them.

9. On October 11, 2018, the Court entered a Preliminary Order of Forfeiture (R. 98) against the subject properties.

10. Following the entry of a preliminary order of forfeiture, the United States is required to "publish notice of the order and of its intent to dispose of the property in such manner as the Attorney General may direct." *See*, 21 U.S.C. § 853(n)(1).

11. In accordance with 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, notice of the Preliminary Order of Forfeiture (R. 98) was posted on an official government internet site for at least 30 consecutive days, beginning on October 30, 2018 and ending on November 28, 2018.  No third party claims to the subject properties were made as a result of the internet notification. (Docket Report).

12. Based upon the foregoing - and the defendants' consent that the forfeiture of the subject properties would become final as to them upon the Court's entry of the Preliminary Order of Forfeiture – the United States filed a motion for final order on January 3, 2019.  (R. 119: United States' Motion for a Final Order of Forfeiture.)  On January 7, 2019, the Court entered a Final Order of Forfeiture (R. 128) against the subject properties.

13. As set forth in footnote 1, above, the Court – on February 26, 2019 - entered an Order [non-document] granting defendant Donte Gibson's motion to withdraw his guilty plea.

14. A change of plea hearing - without a plea agreement – was held as to defendant Donte Gibson on June 12, 2019.  Defendant Gibson withdrew his plea of not guilty, and entered

a guilty plea to Counts 1 and 13 of the Superseding Indictment.  (Minutes of proceedings [non-document], filed on June 12, 2019.)

15. At the change of plea hearing, a (joint) exhibit regarding forfeiture was submitted to the Court.  Therein, defendant Donte Gibson agreed to the forfeiture of the subject properties to the United States and, further, agreed as follows:

- The $148,400.00 U.S. Currency, the $12,461.00 U.S. Currency, the $19,960.00 U.S. Currency, the proceeds of $34,479.96, and the 0.422851 bitcoin are subject to forfeiture under 21 U.S.C. § 853(a)(1) as they constitute, or were derived from, proceeds he obtained, directly or indirectly, as the result of the commission of the violation (drug conspiracy) charged in Count 1.

- The 29 round empty magazine, the (29) .40 caliber rounds in box, and the 22 round magazine with (12) rounds of .40 caliber ammunition are subject to forfeiture under 21 U.S.C. § 853(a)(2) as they were used – or were intended to be used - in any manner or part, to commit or to facilitate the commission of the violation (drug conspiracy) charged in Count 1.

- The $42,230.79 seized on or about April 18, 2018, and the real property located at 2946 Popham Street, Akron, Ohio, are subject to forfeiture: (i) under 21 U.S.C. § 853(a)(1) as they constitute, or were derived from, proceeds he obtained, directly or indirectly, as the result of the commission of the violation (drug conspiracy) charged in Count 1; and, (ii) under 18 U.S.C. § 982(a)(1) as they were involved in the offense (money laundering conspiracy) charged in Count 13, or are traceable to such property.

16. Finally, the joint exhibit regarding forfeiture provided as follows:

"The Preliminary Order of Forfeiture (R. 98) was filed on October 11, 2018.  Pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure, Defendant consents that such Order will become final as to him upon entry of his guilty plea in this case."

17. Based upon the foregoing, and in accordance with 21 U.S.C. § 853(n)(7), this Amended Final Order of Forfeiture is entered as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED**

18. As set forth above, proceeds in the amount of $34,479.96 were recovered from Community Hall Foundation (dba The Civic) on or about June 8, 2018.  The Akron Civic

7

Theatre has stated an interest in this $34,479.96 to the extent of $1,232.00. [6] By this Final Order of Forfeiture, $33,247.96 of the $34,479.96 is finally forfeited to the United States under 21 U.S.C. § 853(a)(1) (drug proceeds), and no right, title, or interest shall exist in any other party.

19. The United States shall seize and take control of the $33,247.96, and shall dispose of it in accordance with law.

20. Upon entry of this Final Order of Forfeiture, the United States shall return the following property to The Akron Civic Theatre:

- The remaining $1,232.00 of the $34,479.96 recovered from Community Hall Foundation (dba The Civic) on or about June 8, 2018.

21. The following properties are finally forfeited to the United States under 21 U.S.C. § 853(a)(1) (drug proceeds), and no right, title, or interest shall exist in any other party:

- $148,400.00 U.S. Currency seized on February 8, 2018, at 80 West Waterloo Road, Akron, Ohio (storage unit: M42A).

- A total of $12,461.00 U.S. Currency seized on February 8, 2018, at 2946 Popham Street, Akron, Ohio.

- $19,960.00 U.S. Currency seized on February 8, 2018, at a residence located on Greenbay Drive, Barberton, Ohio.

- 0.422851 bitcoin (valued at approximately $2,600.11 on August 14, 2018) stored in an application on an i-Phone recovered on February 8, 2018, at 2946 Popham Street, Akron, Ohio.  The bitcoin was found in a bitcoin.com cell phone application under the wallet name "Personal Wallet" with a Wallet ID ending xxxxx35bead1.

22. The United States shall seize and take control of these properties, and shall dispose of them in accordance with law.

---

[6] At page 6 (footnote 4) of the Preliminary Order of Forfeiture (R. 98), the United States acknowledged its intent to recognize this interest ($1,232.00) in the final order.

23. The following properties are finally forfeited to the United States under 21 U.S.C. § 853(a)(2) (drug facilitation), and no right, title, or interest shall exist in any other party:

- 29 round empty magazine and (29) .40 caliber rounds in box, seized on February 8, 2018, at 2946 Popham Street, Akron, Ohio.

- 22 round magazine with (12) rounds of .40 caliber ammunition, seized on February 8, 2018, at 2946 Popham Street, Akron, Ohio.

24. The United States shall seize and take control of the magazines/ammunition, and shall dispose of them in accordance with law.

25. The following property is finally forfeited to the United States under 21 U.S.C. § 853(a)(1) (drug proceeds) and 18 U.S.C. § 982(a)(1) (money laundering), and no right, title, or interest shall exist in any other party:

- $42,230.79 seized on or about April 18, 2018, pursuant to the execution of a federal seizure warrant. The seizure warrant was executed against The RealReal User Account Identification Number xxx2598 in the name of AUDREY GIBSON.

26. The United States shall seize and take control of the $42,230.79, and shall dispose of it in accordance with law.

27. The United States shall seize and take control of the following property, and it hereby is finally forfeited to the United States under 21 U.S.C. § 853(a)(1) (drug proceeds) and 18 U.S.C. § 982(a)(1) (money laundering), and no right, title, or interest shall exist in any other party:

- 2946 Popham Street, Akron, Ohio, Permanent Parcel Number: 6800487.  The legal description of the property is as follows: Situated in the City of Akron, County of Summit, and State of Ohio: And known as being the Easterly 60 feet between parallel lines of Lot Number Eight Hundred Eighty-three (883), plus the Easterly 60 feet between parallel lines of Lot Number Eight Hundred Eighty-four (884), plus the Easterly 60 feet between parallel lines of Lot Number Eight Hundred Eighty-five (885), except the Northerly 33 feet front and rear of Lot Number Eight Hundred Eighty-five (885), in the William A. Johnston's Coventry

>Allotment No. 2, as recorded in Plat Book 26, Pages 65-75 inclusive, Summit County Records.

28. The United States shall dispose of this property in accordance with law and, particularly, the proceeds of the sale of the property shall be paid as follows:

    a.) To the United States Marshals Service for the payment of all reasonable expenses incurred in the rehabilitation/preservation of the property pending its sale, and for payment of the reasonable costs of the sale of the property.

    b.) All outstanding property taxes.

    c.) Other encumbrances, if any, due and owing in accordance with federal law.

    d.) The balance of the sale proceeds remaining after the above disbursements shall be paid/forfeited to the United States.

**SO ORDERED** this _____ day of June, 2019.

_____
Patricia A. Gaughan, Chief Judge
United States District Court, N.D. Ohio