IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CASE NO. . 5:18-CR 94** |
| **Plaintiff,** | : | **JUDGE: GAUGHAN** |
| vs. | : | |
| | : | |
| **DONTE GIBSON** | : | **DEFENDANT DONTE GIBSON'S SENTENCING MEMORANDUM** |
| Defendant. | | |

Defendant DONTE GIBSON, through undersigned counsel, submits this Sentencing Memorandum for the Court's consideration and requests a sentence, as calculated and reviewed pursuant to Title 18, United States Code §§ 3553(a) and 3661, that is sufficient but not greater than necessary to achieve the statutory goals of sentencing.

Respectfully submitted,

/s/ Rhonda L. Kotnik
Rhonda Kotnik (0077345)
Counsel for Defendant
333 S. Main St. Suite 401
Akron, Ohio 44308
330 253-5533
RHONDALKOTNIK@GMAIL.COM

1

**MEMORANDUM**

**A. The applicable law affords discretion to the District Court Judge to impose a sentence not greater than necessary to satisfy the statutory purposes of sentencing.**

District Court Judges have discretion to impose sentences, but sentences should not be greater than necessary to satisfy the statutory purposes of sentencing. See Gall v. United States, 552 U.S. 38 (2007); Kimbrough v. United States, 552 U.S. 85 (2007); Rita v. United States, 551 U.S. 338 (2007); United States v. Booker, 543 U.S. 220 (2005). Both the Supreme Court and the sentencing statutes instruct District Court Judges to impose the *lowest* sentence that will meet the four purposes of sentencing: justice; deterrence; incapacitation; and rehabilitation. 18 U.S.C. § 3553(a)(2); Kimbrough, 552 U.S. at 101. After properly calculating the advisory range under the sentencing guidelines, a factor which serves as only the "starting point," this Court will then consider the relevant 18 U.S.C. § 3553(a) factors and impose a sentence sufficient, but not greater than necessary, to fulfill the purposes of sentencing. Gall, 552 U.S. at 49. After the Supreme Court's decision in Gall, courts have wide discretion in imposing sentencing. The applicable guideline reads, "No limitation shall be placed on the information concerning the background, character, and conduct of the person convicted of an offense," this Court may "consider for the purposes of imposing an appropriate sentence." 18 U.S.C. § 3661. The Sixth Circuit has also spoken to the discretion of District Court judges in United States v. Webb, 403 F.3d 373, 381 (6th Cir. 2005), "While a district court must still give some consideration to the appropriate Guidelines range when making a sentencing determination, a court is no longer bound by the applicable Guidelines. The Sixth Circuit has affirmed sentences that include significant downward variances. The Sixth

Circuit has acknowledged that District Court Judges have discretion in imposing sentences, including downward variances. The Court also acknowledged that the greater the variance in sentencing, the more compelling the evidence supporting the variance need be. <u>United States v. Grossman,</u> 513 F.3d 592, 596 (6th Cir. 2008).   In imposing the sentence here, this Court must consider the factors set forth in 18 U.S.C. §3553(a), which includes:  The nature and circumstances of the offense and the history and characteristics of the defendant; (1) The need for the sentence imposed –(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B)to afford adequate deterrence to criminal conduct; (C)to protect the public from further crimes of the defendant; and (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (2)the kinds of sentences available;(3)the advisory guidelines; (4) any pertinent policy statements issued by the Sentencing Commission;(5)the need to avoid unwarranted sentence disparities; and (6)the need to provide restitution to any victims of the offense. 18 .S.C. §3553(a).

B. **Application of 18 U.S.C. § 3553(a)'s Sentencing Factors**

   **1.   History and Characteristics of Mr. GIBSON**

   Donte Gibson is 41 years old and was born in Akron, Ohio. His parents never married and his mother struggled financially.  He had no relationship with his father until he was a teenager.

At age 14, Donte began abusing marijuana. He also used ecstasy daily from 2000-2002. He recognizes that he has a drug addiction and hopes to participate in the RDAP program.

Donte attended Buchtel high school until the tenth grade. He later earned diploma with online courses. He hopes to continue his education while incarcerated.

Donte has always struggled with mental health issues. He began receiving services as a juvenile and continued through his entire life. He hopes to continue with mental health counseling.

C. **DONTE DID NOT OBSTRUCT JUSTICE AND DOES NOT DESERVE A TWO POINT INCREASE TO THE BASE LEVEL**

Pursuant to *U.S.S.G. § 3C1.1*, if he the "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with regard to the…prosecution…of the instant offense of conviction" and "the obstructive conduct related to (A) defendant's offense of conviction…" the Court should increase the defendant's offense level calculation by two (2) levels. This enhancement does not apply to Defendant in any way.

USSG 3C1.1(4) provides as list of examples of covered conduct. For example, (A) ***threatening, intimidating***, or otherwise ***unlawfully influencing*** a co-defendant, witness, or juror, directly or indirectly, or attempting to do so calls for the enhancement.

Here, the government is misconstruing calls made between Donte and his wife. In each of these calls, they talk about the case and what they believe the evidence will show.

4

The government erroneously concludes from the telephone conversations threats are made or Audrey is coerced into recanting. A threat is defined as " a statement of intention to inflict pain, injury, damage or other hostile action". Coercion is defined as "to compel to do an act or choice; to achieve by force of threat or restrain or dominate by force."

Never in any call does Donte try to convince her to recant any statements made to law enforcement by force, threats, or coercion ever in any call. No enhancement applies here.

D. **Donte Should Receive A THREE Level Reduction for Acceptance of Responsibility**

There are several factors that the Guideline suggest this Court can look at to determine whether a defendant has demonstrated acceptance of responsibility such that he be awarded the two-level reduction, among these (a) truthfully admitting the conduct compromising the offense of conviction and truthfully admitting any additional relevant conduct for which he is accountable.

Here, Donte Gibson pled guilty on two different occasions and admitted his role in the offense. Later, when found in violation of CCV rules, he also took responsibility for his conduct. The government did not have to prepare for trial and did not have to use any additional resources. Also, he agreed to forfeit all property causing no extra work for the government. Defendant should receive three levels for acceptance of responsibility

E. **Conclusion**

For the above reasons, Donte Gibson respectfully requests the court impose a variance and/or a departure from the sentencing guideline range. Mr. Gibson requests the Court to sentence him to the mandatory ten years and vary from the discretionary

5

guideline range. Such a sentence would be "sufficient but not greater than necessary" to achieve the statutory purposes of punishment, as required by 18 U.S.C. § 3553(a).

Respectfully submitted,

Rhonda L. Kotnik
/s/ Rhonda L. Kotnik
Rhonda Kotnik (0077345)
333 s. Main St. 401
Akron, Ohio 44308
330 253-5533

**CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2019, a copy of the foregoing <u>Sentencing Memorandum</u> was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

6