UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | | |
|---|---|---|---|
| **United States of America,** | ) | CASE NO. | **5:18CR94** |
| | ) | | **5:22CV1207** |
| Plaintiff/Respondent, | ) | | |
| | ) | | |
| vs. | ) | **JUDGE PATRICIA A. GAUGHAN** | |
| | ) | | |
| **Donte L. Gibson,** | ) | **Memorandum of Opinion and Order** | |
| | ) | | |
| Defendant/Petitioner. | ) | | |

**Introduction**

This matter is before the Court upon defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Doc. 327). For the following reasons, the motion is DENIED.

**Facts**

On September 24, 2018, defendant pled guilty to charges of conspiracy to possess and distribute fentanyl and carfentanil and conspiracy to launder proceeds of unlawful activity in exchange for an agreed sentence of 240 months in prison. Due to the subsequent passage of the First Step Act of 2018, he was permitted to withdraw his plea of guilty.

In June 2019, defendant again pled guilty to the same two counts of the initial

1

indictment, this time without an agreed-upon sentence.  In April 2020, he received a below-guidelines sentence of 300 months followed by five years of supervised release.  This sentence included a four-level enhancement for defendant's leadership role in the offense and no adjustment for acceptance of responsibility due to his ongoing drug trafficking conduct while in jail.  Defendant appealed on the basis that his sentence was procedurally and substantively unreasonable because this Court denied a reduction for acceptance of responsibility, referred to his codefendants' presentence investigation reports, and twice punished him for post-plea conduct.  The Sixth Circuit affirmed defendant's sentence. *United States v. Gibson,* No. 20-3484 (6th Cir. March 30, 2021).

This matter is now before the Court upon defendant's Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence.

**Standard of Review**

28 U.S.C. § 2255 provides a prisoner in federal custody a remedy to collaterally attack his sentence on the ground that it was imposed in violation of the Constitution or laws of the United States. A prisoner may move to vacate, set aside or correct his sentence upon the basis that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.  To warrant relief under the statute because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (citation omitted); *Humphress v. United States*, 398 F.3d 855, 858 (6th

Cir. 2005).

"When a motion is made to vacate or set aside a judgment under Section 2255, the movant must set forth facts which entitle him to relief. Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961).

### Discussion

Defendant, proceeding *pro se*, sets forth five grounds for relief: (1) he did not receive effective assistance of counsel; (2) the Court improperly applied the four-level leadership role enhancement; (3) his sentence was substantively and procedurally unreasonable; (4) the Court failed to consider his acceptance of responsibility and remorsefulness in calculating his sentence; and (5) the Court should have applied the two-level reduction for acceptance of responsibility. He also requests an evidentiary hearing.

**(1)    Ineffective Assistance of Counsel**

In Ground One, defendant asserts that his counsel was ineffective for failing to: (1) confer with him throughout his legal proceedings, (2) "promptly" provide "adequate legal advice," (3) "fully" discuss "potential strategies and tactical choices" with defendant, and (4) "conduct appropriate investigation, both factual and legal, to determine what matters of defense can be developed." (Doc. 327-1, p. 7). Elsewhere in the petition, defendant asserts that his counsel was ineffective with regard to the four-level leadership enhancement and the Court's decision to deny an adjustment for acceptance of responsibility. (*Id*. at 10, 14).

To establish a claim of ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that counsel's deficient performance prejudiced

3

the defense. *Strickland v. Washington*, 466 U.S. 668, 687 88, 694 (1984). Defendant's broad assertions fail to satisfy either element of the *Strickland* standard.[1]

To demonstrate that his counsel's performance was deficient under *Strickland*, defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Defendant's underdeveloped arguments regarding insufficient advice and investigations are not sufficient to support a *Strickland* claim. Defendant does not identify what he believes his counsel should have advised him about or what should have been investigated. *United States v. Robson*, 307 F. App'x 907, 910-11 (6th Cir. 2009) (declining to review ineffective assistance of counsel claim where the record contained no indication of what other information could have been investigated). Nor does he attempt to show prejudice. *Id.* at 911 (citing *Strickland*, 466 U.S. at 684) ("To show prejudice the defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient conduct, the result of the trial would have been different.").

Defendant's other arguments are controverted by the record which shows that, at sentencing, counsel asserted that defendant deserved the three-level reduction because he "obviously accepts responsibility for his involvement in this matter." (Doc. 308, p. 8). Counsel also advocated against the imposition of the four-level leadership enhancement, contending that defendant:

---

[1] Throughout his petition, defendant writes "See attached Memorandum of Law" in the space allotted for facts which support his claims for relief. However, his memorandum fails to identify specific facts to support most of his claims.

4

> [W]as not the organizer or leader in this endeavor because he was in prison when his wife actually put together this conspiracy with all these people. And based on that, he believes he should not be looked upon as one of the main parties or sources in this particular conspiracy, although he acknowledges what his role and his involvement was.

(*Id*.). Therefore, defendant fails to show that counsel's performance was deficient. Even if he had, defendant again fails to address the critical issue of prejudice. To establish prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Defendant fails to make such a showing.

### (2)     Claims Adjudicated on Direct Appeal

The government contends that Grounds Three, Four, and Five have already been raised on direct appeal and rejected by the Sixth Circuit and, consequently, cannot be relitigated here. The Court agrees.

A movant may not use a § 2255 motion "to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Scott v. United States*, 2018 WL 5879812, at *2 (6th Cir. Aug. 16, 2018) (quoting *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999)); *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996) (quoting *United States v. Brown*, 1995 WL 465802, at *1 (6th Cir. Aug. 4, 1995) ("A § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances.")

Here, the Sixth Circuit considered Grounds Three, Four, and Five on direct appeal. With regard to Grounds Four and Five, the Sixth Circuit found that this Court "properly denied Gibson an adjustment for acceptance of responsibility because he did not terminate his

5

criminal conduct after his plea and his post-plea conduct was inconsistent with acceptance of responsibility." (Doc. 322, p. 4).  With regard to Ground Three, the Sixth Circuit found that this Court's "imposition of a below-guidelines sentence was substantively and presumptively reasonable." (*Id*. at 7).  Defendant did not respond to the government's assertion that these claims are procedurally barred, and does not identify any exceptional circumstance that would justify relitigating these claims in a § 2255 proceeding.  Therefore, Grounds Three, Four, and Five are procedurally barred.

### (3)    Claims Not Raised on Direct Appeal

The government argues that Ground Two was not raised on direct appeal and, consequently, forfeited.  The Court agrees.  "A petitioner must raise his claims on direct appeal, '[o]therwise, the claim is procedurally defaulted' for purposes of § 2255 review." *Sullivan v. U.S.*, 587 F. App'x 935 (6th Cir. 2014) (quoting *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001)).  In *Watt v. U.S.*, the Sixth Circuit court explained:

> Generally, a criminal defendant cannot raise claims on federal collateral attack (e.g., a habeas petition under 28 U.S.C. § 2254 or a motion to vacate, modify or correct sentence under 28 U.S.C. § 2255) if he did not raise them in his direct federal appeal. 'Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal.' *Bousley v. United States*, 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (citations and internal quotation marks omitted). To obtain collateral review, a defendant must clear a significantly higher hurdle than would exist on direct appeal:
>
>> In the case where the defendant has failed to assert his claims on direct appeal and thus has procedurally defaulted, in order to raise them in a § 2255 motion he must also show either that (1) he had good cause for his failure to raise such arguments and he would suffer prejudice if unable to proceed, or (2) he is actually innocent.

*Watt v. U.S.*, 162 F. App'x 486 (6th Cir. 2006) (quoting *Regalado v. United States*, 334 F.3d

6

520, 528 (6th Cir. 2003)). Defendant did not respond to the assertion that Ground Two is procedurally defaulted, nor does he show cause or prejudice or establish actual innocence. Therefore, Ground Two is procedurally defaulted.

### (4) Request for Evidentiary Hearing

Defendant also requests an evidentiary hearing "to seek discovery pursuant to the filing of his 28 U.S.C. § 2255." (Doc. 327-1, p. 4). "A district court may only forego a hearing where 'the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statement of facts.' " *MacLloyd v. United States*, 684 F. App'x 555, 559 (6th Cir. 2017) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999).

Here, defendant's claims for relief are either conclusory, contradicted by the record, have been rejected by the Sixth Circuit, or procedurally defaulted. Therefore, this Court finds that defendant is not entitled to an evidentiary hearing on this § 2255 motion.

### Conclusion

For the foregoing reasons, defendant's Motion to Vacate Under Section 2255 is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

Dated: 3/9/23

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge